STATE OF NEW JERSEY v. LENA PEDAGOG.

Decided February 26, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-CHARD and LLOYD.

For the plaintiff in error, *Michael S. Precker.*

For the state, *Joseph L. Smith,* prosecutor of the pleas, and *Simon L. Fisch,* assistant prosecutor.

PER CURIAM.

The plaintiff in error, Lena Pedagog, was convicted upon an indictment charging her with taking money from one Hilda Benninger for bringing a man to her room in the house of the defendant, in which the Benninger woman was a tenant, for the purpose of prostitution.

The first ground upon which we are asked to reverse this conviction is that the trial court erroneously admitted testimony tending to show the commission by the plaintiff in error of an earlier and similar offense. It appears, however, from the state of the case, that after the admission of this alleged illegal testimony, the trial court said to counsel for the plaintiff in error, who had objected to its admission: "I will grant your motion with regard to this conversation. I will strike it out, and the jury will be instructed to disregard it." It seems to us that this action of the trial court entirely cured the alleged erroneous admission of this testimony, and that what was said by the court was intended as, and was in fact, an instruction to the jury to disregard it.

It is next urged that the trial court erred in charging the jury that certain vital facts in the case were undisputed. The instruction complained of was as follows: "There are two things in this case which *seem* to be undisputed. The first is that this girl was a prostitute, and the second is that she was living in this apartment house" (that is, the house of the defendant). It was conceded by the defendant herself while on the witness-stand that the girl was living in her apartment house as her tenant at the time when the offense charged in the indictment was alleged to have been committed, and the girl herself on the witness-stand admitted that she was a prostitute, and her testimony on this point was not controverted. In view of these facts, it seems clear to us that the court was entirely justified in saying that these two facts *seemed* to be undisputed.

The only other ground for reversal is that the verdict is against the weight of the evidence. Our examination of the testimony sent up with the writ of error satisfies us that this contention is without merit.

The conviction under review will be affirmed.